

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

February 12, 2018

**BY ECF**
The Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *Ragbir et al. v. Homan et al.*, 18 Civ. 1159 (UA)

Dear Judge Forrest:

On behalf of the defendants, we write respectfully to contest plaintiffs' related case statement, dated February 9, 2018 (ECF No. 3) ("Plaintiffs' Statement"), in the above-referenced proceeding.  As discussed below, this case should not be deemed related to *Ragbir v. Sessions*, No. 18 Civ. 236 (KBF), an individual habeas corpus case—now closed—challenging the detention of plaintiff Ravidath Ragbir based on the process he received upon ICE's revocation of his order of supervised release.  Southern District of New York Local Rule 13 for the Division of Business Among District Judges ("Div. Bus. Rule 13" or "Rule 13") makes clear that "civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)," Div. Bus. Rule 13(a)(2)(B), which is not true here.[1]  Likewise, Rule 13 expressly provides, contrary to plaintiffs' suggestion, that "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties."  Div. Bus. Rule 13(a)(2)(A).  Here, this case raises facts and legal issues that are far different than those presented in the prior, completed habeas proceeding.  Plaintiffs are now asserting a programmatic First Amendment challenge to ICE's nationwide operations; as opposed to a challenge to the process that Mr. Ragbir received prior to his recent detention.  Apart from a limited overlap in parties, there will be no extra expenditure of judicial resources were this case not to be assigned to your Honor.  In addition, because ICE voluntarily agreed to stay Mr. Ragbir's removal pending an anticipated motion for a preliminary injunction in the present case, familiarity with Mr. Ragbir's immigration proceedings is not necessary to provide immediate relief.  Accordingly, the interests of justice and efficiency do not require that the two cases be deemed related.

---

[1]     Even if the government determines to appeal the Court's decision in *Ragbir v. Sessions*, the current case should not be deemed related to the prior case.

The Honorable Katherine B. Forrest
February 12, 2018
Page 2

### I. The Related Cases Rule

The Court's "related cases" rule is set forth in Rule 13. Subject to the limitations provided in Rule 13(a)(2), a civil case will be deemed related "when the interests of justice and efficiency will be served." Div. Bus. Rule 13(a)(1). "In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." *Id.*

Pursuant to Rule 13(a)(2), however, "civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)." Div. Bus. Rule 13(a)(2)(B). Also, civil cases "shall not be deemed related merely because they involve common legal issues or the same parties." Div. Bus. Rule 13(a)(2)(A).

### II. This Case Should Not Be Deemed Related

There are no grounds here to overcome the presumption that this case is not related. Most fundamentally, the present case and *Ragbir v. Sessions* do not "arise out of the same set of operative facts." Plaintiffs' Statement 2. *Ragbir v. Sessions* concerned the process afforded Mr. Ragbir after ICE determined that it would enforce his final order of removal. By contrast, this case includes five organizational plaintiffs who were not parties in *Ragbir v. Sessions*, and concerns the events precipitating ICE's decision to enforce Mr. Ragbir's final order of removal. Facts concerning ICE's alleged retaliatory or discriminatory motivations will be at the core of this case; they were not relevant to Mr. Ragbir's earlier challenge to the process he received.

Contrary to Plaintiffs' Statement, the mere fact that Mr. Ragbir's counsel briefly alluded to First Amendment concerns in a footnote in a reply brief (as did this Court in a footnote to its Opinion), and two amicus curiae briefs submitted in support of Mr. Ragbir's petition discussed the First Amendment, does not change the analysis. Plaintiffs' Statement 2; *see* Opinion & Order, *Ragbir v. Sessions*, No. 18 Civ. 236 (KBF), at 2 n.1 (S.D.N.Y. Jan. 29, 2018) (ECF No. 48); Petitioner's Reply in Support of Amended Petition for Writ of Habeas Corpus, *Ragbir v. Sessions*, No. 18 Civ. 236 (KBF), at 8 n.16 (S.D.N.Y. Jan. 25, 2018) (ECF No. 39); Brief of Amici Curiae New York Civil Liberties Union and American Civil Liberties Union in Support of Ravidath Ragbir's Petition for a Writ of Habeas Corpus, *Ragbir v. Sessions*, No. 18 Civ. 236 (KBF), at 16-19 (S.D.N.Y. Jan. 26, 2018) (ECF No. 41-1); Memorandum of Law of *Amici Curiae* Scholars and Public Interest Advocates and Organizations in Support of Ravidath Lawrence Ragbir's Petition for a Writ of *Habeas Corpus*, *Ragbir v. Sessions*, No. 18 Civ. 236 (KBF), at 11-16 (S.D.N.Y. Jan. 28, 2018) (ECF No. 44). Mr. Ragbir did not raise a First Amendment claim in his habeas case. Nor was a First Amendment claim necessary to, or adjudicated in, *Ragbir v. Sessions*. Furthermore, new claims cannot be raised in reply briefs or amicus briefs. *See, e.g.*, *FTC v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 n.4 (2013); *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 n.3 (2d Cir. 2002); *Concourse Rehabilitation & Nursing Center Inc. v. DeBuono*, 179 F.3d 38, 47 (2d Cir. 1999).

The Honorable Katherine B. Forrest
February 12, 2018
Page 3

       The other two factors in Rule 13 also support a finding that this case is not related. Plaintiffs do not (and cannot) even argue that absent a finding of relatedness, the parties "could be subject to conflicting orders."  Div. Bus. Rule 13(a)(1).  And, as discussed above, there will not be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties, or witnesses if this matter is not deemed related.  *Id.*[2]

*   *   *

       For these reasons, the Court should not accept the present case as related.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:          */s/*
          JEFFREY OESTERICHER
          BRANDON M. WATERMAN
          STEVEN J. KOCHEVAR
          Assistant United States Attorneys
          Tel.: (212) 637-2695/2741/2715
          Email:  Jeffrey.Oestericher@usdoj.gov
                   Brandon.Waterman@usoj.gov
                   Steven.Kochevar@usdoj.gov

cc:     Counsel of Record (*By ECF*)

---

[2]    Plaintiffs' Statement assumed that Mr. Ragbir would "need . . . relief within twenty-four hours" because of his order to report to ICE for removal on February 10, 2018, *id.* 2, an order that is no longer in effect.  Instead, the government voluntarily agreed to a stay of Mr. Ragbir's removal pending the Court's decision on an anticipated motion for a preliminary injunction in the present case.  *See* Stipulated Order dated February 8, 2018 (ECF No. 4).  As such, the Court will not be asked to adjudicate this matter on an urgent basis, and immediate familiarity with Mr. Ragbir's prior immigration proceedings is not necessary.