UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAVIDATH LAWRENCE RAGBIR *et al.*,

Plaintiffs,

- against -

THOMAS D. HOMAN, *et al.*,

Defendants.

**No. 18 Civ. 1159 (PKC)**
**ECF Case**

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A STAY OF REMOVAL PENDING APPEAL**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2741
*Attorney for Defendants*

Jeffrey S. Oestericher
Brandon M. Waterman
Steven J. Kochevar
Joseph N. Cordaro
*Assistant United States Attorneys*
    – Of Counsel –

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ................................................................................................2

ARGUMENT ....................................................................................................6

    I.      THE COURT LACKS JURISDICTION TO STAY MR. RAGBIR'S
           REMOVAL..................................................................................6

    II.     EVEN IF THE COURT HAS JURISDICTION TO STAY MR.
           RAGBIR'S REMOVAL, THE COURT SHOULD DENY PLAINTIFFS'
           MOTION...................................................................................9

           A.      The *Nken* Standard for a Stay of Removal...................................9

           B.      Plaintiffs' Appeal Is Unlikely to Succeed on the Merits ...........9

           C.      Mr. Ragbir Will Not Suffer Irreparable Injury Absent a Stay ..................14

           D.      The Public Interest Is Served by Enforcing the Immigration Laws..........15

CONCLUSION.................................................................................................18

# TABLE OF AUTHORITIES

Cases

*Al-Garidi v. Holder,*
   No. 09-cv-6160, 2009 WL 1439216 (W.D.N.Y. May 15, 2009)..................................................8

*Almanzar v. Newland,*
   No. 08 Civ. 8612 (NRB), 2009 WL 3097203 (S.D.N.Y. Sept. 28, 2009) ................................7, 8

*Calcano-Martinez v. INS,*
   232 F.3d 328 (2d Cir. 2000)..................................................................................................12

*Curley v. Village of Suffern,*
   268 F.3d 65 (2d Cir. 2001)....................................................................................................13

*Delgado v. Quarantillo,*
   643 F.3d 52 (2d Cir. 2011)......................................................................................................9

*Fabrikant v. French,*
   691 F.3d 193 (2d Cir. 2012)..................................................................................................13

*Filippi v. President of U.S.,*
   No. 1:17-cv-459, 2017 WL 4675744 (D.N.H. Oct. 16, 2017)..................................................7

*Fong Yue Ting v. United States,*
   149 U.S. 698 (1893)..............................................................................................................16

*Hartman v. Moore,*
   547 U.S. 250 (2006)..............................................................................................................13

*Lage v. Chapdelaine,*
   No. 10-cv-1030 (JCH), 2010 WL 4688820 (D. Conn. Nov. 10, 2010) .....................................8

*Lainez v. Osuna,*
   No. 17 Civ. 2278 (HBP), 2018 WL 1274896 (S.D.N.Y. Mar. 8, 2018) ....................................8

*Mancho v. Chertoff,*
   480 F. Supp. 2d 160 (D.D.C. 2007) ........................................................................................8

*Nken v. Chertoff,*
   559 F. Supp. 2d 32 (D.D.C. 2008) ..........................................................................................7

*Nken v. Holder,*
   556 U.S. 418 (2009)........................................................................................................passim

*Noor v. Homan,*
   No. 17-cv-1558 (WFK), 2018 WL 1313233 (E.D.N.Y. Feb. 27, 2018) ....................................8

*Ragbir v. Holder,*
   132 S. Ct. 95 (2011)..........................................................................................................3, 18

*Ragbir v. Holder,*
   389 F. App'x 80 (2d Cir. 2010) ..........................................................................................3, 18

*Ragbir v. Homan,*
   No. 18-cv-1159 (PKC), 2018 WL 2338792 (S.D.N.Y. May 23, 2018)......................................6

*Ragbir v. Lynch,*
   640 F. App'x 105 (2d Cir. 2016) ........................................................................................4, 18

*Ragbir v. Sessions,*
   No. 18-cv-236 (KBF), 2018 WL 623557 (S.D.N.Y. Jan. 29, 2018)......................................5, 19

*Ragbir v. United States,*
   537 U.S. 1089 (2002)..............................................................................................................3

*Ragbir v. United States*,
   No. 2:17-cv-1256-KM, 2018 WL 1446407 (D.N.J. Mar. 23, 2018) ............................ 5, 15, 19

*Rajah v. Mukasey*,
   544 F.3d 427 (2d Cir. 2008)........................................................................................... 11

*Reno v. American-Arab Anti-Discrimination Committee*,
   525 U.S. 471 (1999) .............................................................................................. passim

*Ruiz-Martinez v. Mukasey*,
   516 F.3d 102 (2d Cir. 2008)........................................................................................... 13

*Scott v. Napolitano*,
   618 F. Supp. 2d 186 (E.D.N.Y. 2009) ............................................................................ 8

*Singh v. USCIS*,
   878 F.3d 441 (2d Cir. 2018)............................................................................................. 8

*Sorrell v. IMS Health Inc.*,
   564 U.S. 552 (2011) ...................................................................................................... 16

*Tejada v. Cabral*,
   424 F. Supp. 2d 296 (D. Mass. 2006) ............................................................................ 7

*Thomas v. Spitzer*,
   No. 05 Civ. 5828 (LTS) (DF), 2008 WL 4360550 (S.D.N.Y. Sept. 23, 2008) ............. 8

*United States v. Gonzalez*,
   682 F.3d 201 (2d Cir. 2012)........................................................................................... 14

*United States v. Heath*,
   455 F.3d 52 (2d Cir. 2006)............................................................................................. 14

*United States v. Nixon*,
   418 U.S. 683 (1974)....................................................................................................... 14

*United States v. Ochoa-Oregel*,
   No. 16cr1116-BEN, 2016 WL 3952156 (S.D. Cal. July 22, 2016) ............................... 3

*United States v. Ragbir*,
   38 Fed. App'x 788 (3d Cir. 2002)................................................................................... 3

*Vasquez v. Napolitano*,
   No. 10-4238, 2010 WL 3946276 (E.D. Pa. Oct. 8, 2010) ............................................ 7

*Vasquez v. United States*,
   No. 15-cv-3946 (JGK), 2015 WL 4619805 (S.D.N.Y. Aug. 3, 2015).................................. 6, 8

Statutes

8 U.S.C. § 1252.................................................................................................................... passim
28 U.S.C. § 2241........................................................................................................................ 12

## PRELIMINARY STATEMENT

Plaintiff Ravidath Lawrence Ragbir has been subject to a final order of removal for over eleven years.   During this time, he has received fulsome due process in his criminal, immigration, and related proceedings, including on his claims before this Court that in January 2018, U.S. Immigration and Customs Enforcement ("ICE") attempted to enforce Mr. Ragbir's final order of removal in retaliation for Mr. Ragbir's activism.   This Court concluded that it lacked jurisdiction over Mr. Ragbir's claims and denied his motion for a preliminary injunction insofar as it sought a stay of his removal.   Mr. Ragbir has appealed from that ruling, and he now requests that this Court grant him a stay of removal during the pendency of his interlocutory appeal.   This Court should deny Mr. Ragbir's motion for a stay of removal for lack of jurisdiction, based on the jurisdiction-stripping provisions of the REAL ID Act of 2005.

Moreover, even if this Court were to determine that it has jurisdiction to impose a stay of removal, this Court should deny Mr. Ragbir's motion because he cannot make the necessary showing to warrant a stay of removal. *See Nken v. Holder*, 556 U.S. 418, 434–35 (2009). In particular, Mr. Ragbir's appeal is not likely to succeed, he cannot show more than a possibility of harm in the absence of a stay issued by this Court, and the public interest weighs against granting a stay.

Mr. Ragbir has failed to establish that he is likely to succeed on the merits of his appeal, for the same reason this Court dismissed his claims and denied his request for preliminary injunctive relief staying his removal.   The plain language of 8 U.S.C. § 1252(g) deprives this Court of jurisdiction over Mr. Ragbir's First Amendment claims.   Mr. Ragbir cannot explain why *Reno v. American-Arab Anti-Discrimination Committee* ("*AADC*"), 525 U.S. 471 (1999), a binding Supreme Court precedent addressing the application of 8 U.S.C. § 1252(g) to First Amendment claims in the immigration context, does not foreclose his claims here.   Because this

Court soundly applied the plain text of 8 U.S.C. § 1252(g) and *AADC*, Mr. Ragbir has not established that he is likely to prevail on appeal.

Mr. Ragbir also cannot establish that he will suffer irreparable harm absent a stay issued by this Court.  The United States District Court for the District of New Jersey entered a stay of Mr. Ragbir's removal in Mr. Ragbir's coram nobis proceedings there.  That stay remains in place and those proceedings remain pending.  As long as that stay remains in effect, Mr. Ragbir cannot show more than a possibility of harm in the absence of a stay entered by this Court.  But a possibility of harm is insufficient to support a stay of removal.  *Nken*, 556 U.S. at 434–35.

The public interest also weighs against granting Mr. Ragbir a stay of removal.  The public interest is served when the laws of the United States, including final orders of removal, are promptly enforced.  As is his right, Mr. Ragbir has taken numerous legal steps that have delayed the enforcement of his final order of removal.  Granting Mr. Ragbir's request for a stay of removal would further prolong "*an ongoing violation* of United States law" and thereby harm the public interest.  *AADC*, 525 U.S. at 491.  This Court therefore should deny Mr. Ragbir's request for a stay.

## BACKGROUND

Mr. Ragbir is a native and citizen of Trinidad and Tobago.  Declaration of Deputy Field Office Director Scott Mechkowski ("Mechkowski Decl.") ¶ 3, Dkt. No. 50.  In 1994, Mr. Ragbir was admitted to the United States as a lawful permanent resident.  *Id.* ¶ 4.  However, in 2001, Mr. Ragbir was convicted, following a jury trial, of wire fraud and conspiracy to commit wire fraud.  *Id.* ¶ 5.  Mr. Ragbir appealed, and his convictions were affirmed by the United States Court of Appeals for the Third Circuit.  *See United States v. Ragbir*, 38 Fed. App'x 788 (3d Cir. 2002).  The Supreme Court denied Mr. Ragbir's petition for writ of certiorari from that decision. *See Ragbir v. United States*, 537 U.S. 1089 (2002).

Because Mr. Ragbir's convictions constituted aggravated felonies under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(M)(i), (U), they rendered him removable from the United States, 8 U.S.C. § 1227(a)(2)(A)(iii).  Mechkowski Decl. ¶¶ 5–7. In 2006, ICE placed Mr. Ragbir in removal proceedings based on his 2001 convictions, and in March 2007, Mr. Ragbir became subject to a final order of removal and lost his lawful permanent resident status.  *Id.* ¶¶ 6-8; *see United States v. Ochoa-Oregel*, No. 16cr1116-BEN, 2016 WL 3952156, at *3–*5 (S.D. Cal. July 22, 2016).

In the decade after he became subject to a final order of removal, Mr. Ragbir raised a series of challenges to his immigration and criminal proceedings.   On March 23, 2007, Mr. Ragbir filed a petition for review of his final order of removal order with the United States Court of Appeals for the Second Circuit.  Mechkowski Decl. ¶ 8.  On August 12, 2010, the Second Circuit issued a summary order denying Mr. Ragbir's petition for review and denying as moot his motion for a stay of removal.  *See Ragbir v. Holder*, 389 F. App'x 80 (2d Cir. 2010). On October 3, 2011, the Supreme Court denied Mr. Ragbir's petition for a writ of certiorari.  *See Ragbir v. Holder*, 132 S. Ct. 95 (2011).  On March 16, 2012, Mr. Ragbir filed a motion for reconsideration with the Board of Immigration Appeals (the "BIA").  Mechkowski Decl. ¶ 11. On May 15, 2012, construing Mr. Ragbir's motion to reconsider as a motion to reopen as well, the BIA denied Mr. Ragbir's motion.  *Id.*  On June 12, 2012, Mr. Ragbir filed a second petition for review with the Second Circuit—for review of the BIA's denial of his motion to reconsider and, as construed, to reopen.  *Id.*  On March 4, 2016, the Second Circuit issued a summary order dismissing Mr. Ragbir's second petition for review.  *See Ragbir v. Lynch*, 640 F. App'x 105 (2d Cir. 2016).

On November 30, 2012, Mr. Ragbir filed a petition for a writ of coram nobis in the

United States District Court for the District of New Jersey ("DNJ"), challenging his criminal convictions. *See* Petition for Writ of Coram Nobis, *Ragbir v. United States*, No. 2:12-cv-7380-KM, Dkt. No. 1 (D.N.J. Nov. 30, 2012); Mechkowski Decl. ¶ 12. On March 3, 2016, DNJ entered an order granting the stipulated voluntary dismissal without prejudice of the petition for a writ of coram nobis. *Id.* ¶ 14. On February 22, 2017, Mr. Ragbir filed a second petition for a writ of coram nobis challenging his criminal convictions. *See id.* ¶ 15; Petition for Writ of Coram Nobis, *Ragbir v. United States*, No. 2:17-cv-1256-KM, Dkt. No. 1 (D.N.J. Feb. 22, 2017). This second petition remains pending.[1]

While Mr. Ragbir was raising these challenges to his immigration and criminal proceedings, ICE released Mr. Ragbir from immigration detention and granted him a series of discretionary administrative stays of removal. Mechkowski Decl. ¶¶ 9–10, 13. The last of these administrative stays was granted in January 2016 and was set to expire on January 19, 2018. *Id.* ¶ 13. On November 16, 2017, Mr. Ragbir requested a renewed administrative stay of removal, on the basis of his second coram nobis petition in DNJ and a request for a presidential pardon. Amended Declaration of Field Office Director Thomas R. Decker ("Decker Decl.") ¶ 20, Dkt. No. 58. In December 2017, defendant Thomas R. Decker, the Field Office Director for the ICE New York Field Office, concluded that these legal challenges had a low likelihood of success and, accordingly, that ICE would not exercise its discretion to grant Mr. Ragbir a further stay of removal. *Id.* ¶ 21.

On January 11, 2018, Mr. Ragbir reported to the ICE New York Field Office and was

---

[1] On May 4, 2018, DNJ held an evidentiary hearing on Ragbir's coram nobis petition, and the court reserved decision. The parties in that action are in the process of submitting post-hearing briefs. Briefing is scheduled to be completed by July 6, 2018. *See Ragbir v. United States*, No. 2:17-cv-1256-KM.

informed that ICE had denied his request for a renewed administrative stay of removal and was detaining him for purposes of removal. Mechkowski Decl. ¶¶ 23–24. That same day, Mr. Ragbir's counsel filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York ("SDNY"), along with an order to show cause; SDNY granted Mr. Ragbir a temporary stay of removal that same afternoon. Mechkowski Decl. ¶ 27. On the same day, Mr. Ragbir simultaneously filed a motion for an emergency stay of removal in his coram nobis proceedings in DNJ, which was granted. *See* Mechkowski Decl. ¶ 29; Memorandum of Law in Support of Order to Show Cause and Motion for Emergency Stay of Removal, *Ragbir v. United States*, No. 2:17-cv-1256-KM, Dkt. No. 15 (D.N.J. Jan. 11, 2018). On January 29, 2018, SDNY granted Mr. Ragbir's habeas petition, and ICE released him from custody. *See Ragbir v. Sessions*, No. 18-cv-236 (KBF), 2018 WL 623557 (S.D.N.Y. Jan. 29, 2018); Mechkowski Decl. ¶ 31. On March 23, 2018, DNJ granted Mr. Ragbir's motion for a stay of removal pending the resolution of his coram nobis proceedings. *See Ragbir v. United States*, No. 2:17-cv-1256-KM, 2018 WL 1446407 (D.N.J. Mar. 23, 2018). Although the Government has filed a notice of appeal from the entry of the stay by DNJ, *see* Notice of Appeal, *Ragbir v. United States*, No. 2:17-cv-1256-KM, Dkt. No. 53 (D.N.J. March 21, 2018), Mr. Ragbir's stay of removal remains in effect.

On February 9, 2018, Mr. Ragbir and five immigrant-rights organizations filed the present action, alleging that defendants have engaged in a nationwide practice of selectively enforcing the immigration laws against immigrant-rights activists, including Mr. Ragbir, in retaliation for their political speech. Dkt. No. 1 (Complaint). On February 12, 2018, plaintiffs filed a motion for a preliminary injunction seeking to enjoin defendants from enforcing Mr. Ragbir's order of removal and restraining defendants nationwide from enforcing the immigration

laws on a selective basis in retaliation for political speech.  Dkt. No. 12 (Pls. Motion).  ICE voluntarily agreed to stay Mr. Ragbir's removal pending resolution of his preliminary injunction motion.  Dkt. No. 4 (Stipulation and Order).  On May 23, 2018, this Court concluded that it lacked jurisdiction over plaintiffs' challenges to the execution of Mr. Ragbir's final order of removal and, accordingly, dismissed plaintiffs' complaint to the extent it sought relief "declar[ing] unlawful or enjoin[ing] the execution of the final order of removal against plaintiff Ragbir."  *See Ragbir v. Homan*, No. 18-cv-1159 (PKC), 2018 WL 2338792, at *9 (S.D.N.Y. May 23, 2018) (the "May 23 Order").  Because the Court determined that it lacked jurisdiction over that portion of plaintiffs' complaint, the Court also denied plaintiffs' motion for a preliminary injunction insofar as it sought to stay the removal of Mr. Ragbir, and dissolved the voluntary stay of Mr. Ragbir's removal.  *See id.*

On May 25, 2018, plaintiffs noticed their interlocutory appeal from the May 23 Order. Dkt. No. 84 (Notice of Appeal); *see also Ragbir v. Homan*, No. 18-1597 (2d Cir.).  On June 1, 2018, plaintiffs filed the present motion for a stay of Mr. Ragbir's removal pending resolution of their interlocutory appeal. Dkt. No. 85 (Stay Motion).

## **ARGUMENT**

## I. **THE COURT LACKS JURISDICTION TO STAY MR. RAGBIR'S REMOVAL**

Federal law unambiguously strips district courts of jurisdiction to stay or enjoin an alien's removal.  *See* 8 U.S.C. § 1252(g); *Vasquez v. United States*, No. 15-cv-3946 (JGK), 2015 WL 4619805, at *3-4 (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."). The INA provides that "[e]xcept as provided in [8 U.S.C. § 1252] . . ., no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to . . . execute removal orders against any alien."

8 U.S.C. § 1252(g).  Section 1252(a)(5) further provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."  Read together, these provisions "leave no doubt that [a district] court lacks jurisdiction to consider claims that arise from a removal order." *Filippi v. President of U.S.*, No. 1:17-cv-459, 2017 WL 4675744, at *2 (D.N.H. Oct. 16, 2017); *Tejada v. Cabral*, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("[T]he REAL ID Act . . . emphatically . . . declare[d] that this Court was not in any way to impede orders of removal.").

That is, because Congress removed district court jurisdiction to review removal orders and placed subject matter jurisdiction over removal orders exclusively with the courts of appeals, 8 U.S.C. § 1252(a)(5), it follows that only a court with jurisdiction over a removal order has jurisdiction to stay a removal order, *see, e.g.*, *Vasquez v. Napolitano*, No. 10-4238, 2010 WL 3946276 (E.D. Pa. Oct. 8, 2010) ("Indeed, it seems plain that any stay of the removal order must be appended to a request for judicial review of that order, which 8 U.S.C. § 1252(a)(5) dictates can only be pursued in the Court of Appeals.  Thus, subject matter jurisdiction to issue a stay of a removal order, like any other challenge to a removal order, lies exclusively with the court of appeals."); *Almanzar v. Newland*, No. 08 Civ. 8612 (NRB), 2009 WL 3097203, at *2 (S.D.N.Y. Sept. 28, 2009) ("If a district court lacks the jurisdiction to review a removal order, it follows that the court also lacks the power to stay such orders.  Numerous district courts have reached that conclusion."); *cf. Nken v. Chertoff*, 559 F. Supp. 2d 32, 36 (D.D.C. 2008) (holding that the REAL ID Act strips the district court of jurisdiction to consider a request for a stay of removal); *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) ("A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act.").

For this reason, "[d]istrict courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."  *Vasquez*, 2015 WL 4619805, at *3-4; *see also, e.g.*, *Lainez v. Osuna*, No. 17 Civ. 2278 (HBP), 2018 WL 1274896, at *5 (S.D.N.Y. Mar. 8, 2018) (denying request to stay removal for lack of jurisdiction); *Noor v. Homan*, No. 17-cv-1558 (WFK), 2018 WL 1313233, at *3-4 (E.D.N.Y. Feb. 27, 2018) (same); *Lage v. Chapdelaine*, No. 10-cv-1030 (JCH), 2010 WL 4688820, at *4 (D. Conn. Nov. 10, 2010) ("The REAL ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation and removal."); *Almanzar*, 2009 WL 3097203, at *2 (district court "has no power to prevent DHS from deporting" plaintiff because it lacks jurisdiction to do so); *Al-Garidi v. Holder*, No. 09-cv-6160, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) ("This Court and other district courts throughout this country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal."); *Scott v. Napolitano*, 618 F. Supp. 2d 186, 190-91 (E.D.N.Y. 2009) (the "provisions of § 1252 operate to strip district courts of jurisdiction to stay an order of removal, as well"); *Thomas v. Spitzer*, No. 05 Civ. 5828 (LTS) (DF), 2008 WL 4360550, at *2 (S.D.N.Y. Sept. 23, 2008) ("The so-called 'Real ID Act of 2005' . . . under which the circuit courts were vested with exclusive authority to review orders of removal . . . has been construed to mean that only the circuit court may issue . . . a stay [of removal]."); *cf. Singh v. USCIS*, 878 F.3d 441, 445 (2d Cir. 2018); *Delgado v. Quarantillo*, 643 F.3d 52, 53 (2d Cir. 2011) (per curiam) (holding that "a district court lacks jurisdiction over an indirect challenge to an order of removal").

Thus, the Court should deny plaintiffs' motion for a stay of Mr. Ragbir's removal for lack of jurisdiction.

## II.  EVEN IF THE COURT HAS JURISDICTION TO STAY MR. RAGBIR'S REMOVAL, THE COURT SHOULD DENY PLAINTIFFS' MOTION

Even if this Court were to determine that it has jurisdiction to grant Mr. Ragbir a stay of removal during the pendency of his interlocutory appeal, the Court should deny his motion because he cannot meet the rigorous requirement for a stay of removal.

### A.  The *Nken* Standard for a Stay of Removal

In *Nken v. Holder*, 556 U.S. 418 (2009), the Supreme Court set out the standard that an alien must meet to obtain a stay of removal pending appeal.  "A stay is not a matter of right, even if irreparable injury might otherwise result," but "is instead an exercise of judicial discretion." *Nken*, 556 U.S. at 433 (internal quotation marks omitted).  To determine whether a stay of removal of is appropriate, a court first considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [and] (2) whether the applicant will be irreparably injured absent a stay." *Id.* at 434.  These first two factors "are the most critical." *Id.* If an applicant satisfies the first two factors, a court "assess[es] the harm to the opposing party and weigh[s] the public interest," although "[t]hese factors merge when the Government is the opposing party." *Id.* at 435.  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." *Id.* at 433–34.

### B.  Plaintiffs' Appeal Is Unlikely to Succeed on the Merits

Plaintiffs are not likely to succeed on the merits of their appeal from this Court's May 23 Order.  To demonstrate a likelihood of success, "[i]t is not enough that the chance of success on the merits be better than negligible. . . .  [M]ore than a mere possibility of relief is required." *Nken*, 556 U.S. at 434.  Plaintiffs have not met their burden of showing more than a mere possibility of relief from the Court's May 23 Order.

The Second Circuit is not likely to construe § 1252(g) to allow Mr. Ragbir's claims.  The

plain text of 8 U.S.C. § 1252(g) provides that "[e]xcept as provided in [8 U.S.C. § 1252] . . ., no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien." In construing § 1252(g), the Second Circuit will be bound by the Supreme Court's decision in *AADC*.   In *AADC*, respondents sued the Attorney General for allegedly targeting them for deportation because of their affiliation with a politically unpopular group, in violation of the First and Fifth Amendments.   *AADC*, 525 U.S. at 474.   As here, the question before the Supreme Court was whether the plain language of § 1252(g) deprived the federal courts of jurisdiction over respondents' suit.   *Id.* at 473.   The Court ruled that it did, *id.* at 485, explaining that § 1252(g) was designed to avoid the "deconstruction, fragmentation, and hence prolongation of removal proceedings." *Id.* at 487.   The Court also rejected respondents' argument—the same one asserted by plaintiffs here—that an alien unlawfully in this country has a constitutional right to assert selective enforcement as a defense to deportation.   *Id.* at 488.   ("As a general matter—and assuredly in the context of claims such as those put forward in the present case—an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation.").   The Court observed that selective prosecution claims "invade a special province of the Executive—its prosecutorial discretion."   *Id.* at 489.   They are "ill-suited to judicial review" and "[j]udicial supervision in this area . . . entails systemic costs of particular concern."   *Id.* at 490 (internal quotation marks and citation omitted).   Plaintiffs are unlikely to successfully distinguish *AADC*, which is controlling in the present case.

Plaintiffs' arguments against the May 23 Order fall short.   Contrary to plaintiffs' characterization of the May 23 Order, this Court's decision would not allow ICE to "round up all black immigrants with outstanding orders of removal, or all gay immigrants, or all Jewish

immigrants . . . without recourse or judicial review of the agency's discriminatory animus."
Memorandum of Law in Support of Plaintiffs' Motion for Stay of Removal Pending Appeal
(Pls.' Stay Motion MOL"), at 4–5, Dkt. No. 86.  The May 23 Order considered Mr. Ragbir's
claims in light of the Second Circuit's decision in *Rajah v. Mukasey*, 544 F.3d 427 (2d Cir.
2008), wherein the Second Circuit acknowledged that "a selective prosecution based on an
animus [against an alien's religion, ethnicity, gender, or race] would call for some remedy."
*Rajah*, 544 F.3d at 438.  The May 23 Order observed that "[m]embership in a targeted and
protected group is not usually a volitional act, and, thus, traditionally immutable characteristics
are not easily subject to strategic use by the person who is subject to a removal."  May 23 Order,
at 18.  Distinguishing Mr. Ragbir's volitional decision to become an activist from an alien's non-
volitional membership in a targeted and protected group, the Court held that "[Mr. Ragbir's]
decision to speak does not confer upon him an immunity from the enforcement of a pre-existing
final order of final removal."  *Id.* at 18.  Plaintiffs offer no authority for their assertion that *Rajah*
requires a different result.  Moreover, in arguing that the Second Circuit will disagree with the
May 23 Order because of the fundamental nature of the First Amendment right to free speech,
plaintiffs overlook that Mr. Ragbir "has no [First Amendment] claim because the injury to him
flows from the final order of removal and not its execution."  May 23 Order, at 16.

AADC forecloses plaintiffs' argument that "Mr. Ragbir is not committing an 'ongoing
violation of law' through his presence in the United States."  Pls.' Stay Motion MOL at 5.
*AADC* makes plain that "in deportation proceedings the consequence [of delay] is to permit and
prolong a continuing violation of United States law."  *AADC*, 525 U.S. at 490; *see id.* at 491
("And in all cases, deportation is necessary in order to bring to an end *an ongoing violation* of
United States law.").  Plaintiffs cannot argue that Mr. Ragbir has a right to remain in the United

States: he is an alien who has been subject to a final order of removal since 2007, and ICE denied his most recent request for an administrative stay of removal.  Decker Decl. ¶ 21.  Accordingly, his presence in the United States is an ongoing violation of United States law.

Contrary to plaintiffs' assertion, the May 23 Order is not in tension with the Second Circuit's decision in *Calcano-Martinez v. INS*, 232 F.3d 328 (2d Cir. 2000).  *Calcano-Martinez* considered whether 8 U.S.C. § 1252(g), and other provisions of the INA as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), eliminated habeas corpus jurisdiction under 28 U.S.C. § 2241 over challenges to deportation orders.  The Court concluded that the provisions did not eliminate habeas corpus jurisdiction, *Calcano-Martinez*, 232 F.3d at 343, but this holding is not relevant to the present case, which is not a habeas corpus action.  Moreover, the passage in 2005 of the REAL ID Act "eliminat[ed] the availability of habeas corpus relief in the United States District Courts for aliens seeking to challenge orders of removal entered against them."  *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 105 (2d Cir. 2008).  Accordingly, the Second Circuit will not find any tension between *Calcano-Martinez* and the May 23 Order.

*Hartman v. Moore*, 547 U.S. 250 (2006), also does not undermine the Second Circuit's First Amendment retaliation precedents upon which this Court relied in the May 23 Order.  *See* May 23 Order at 15–16.  The precedents cited by the Court primarily hold that the existence of probable cause defeats a First Amendment retaliatory prosecution claim, *see Fabrikant v. French*, 691 F.3d 193, 215 (2d Cir. 2012), and that probable cause to arrest defeats a First Amendment retaliatory arrest claim, *see Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).  These holdings are entirely consistent with *Hartman*'s holding that "want of probable

cause must be alleged and proven" for a plaintiff to prevail on a First Amendment retaliatory prosecution claim. *See Hartman*, 547 U.S. at 252. Indeed, contrary to plaintiffs' suggestion, *see* Pls.' Stay Motion MOL at 6, *Hartman* is a substantial obstacle to plaintiffs' ultimate success in the present case. In *Hartman*, the Supreme Court reiterated that retaliation must be a but-for cause of an official action to support a First Amendment retaliatory prosecution claim. *See Hartman*, 547 U.S. at 256, 260. Because Mr. Ragbir was convicted of serious federal crimes, plaintiffs will not be able to show that the immigration actions taken against him would not have been taken but for his later advocacy.

Plaintiffs' attempt to distinguish these criminal cases by arguing that criminal arrests and prosecutions are "in fact often non-discretionary," in contrast to discretionary decisions to enforce final orders of removal, Pls.' Stay Motion MOL at 6, is incorrect. "[P]rosecutors are permitted discretion as to which crimes to charge and which sentences to seek." *United States v. Gonzalez*, 682 F.3d 201, 204 (2d Cir. 2012); *see United States v. Nixon*, 418 U.S. 683, 692 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Similarly, police officers have "the discretion . . . to decide—on the basis of police protocol, of the circumstances confronting them, and of their trained judgment—whether and in what cases they use their power to arrest." *United States v. Heath*, 455 F.3d 52, 61 (2d Cir. 2006). Accordingly, the distinction that plaintiffs are trying to make is without merit.

Finally, *AADC* directly forecloses plaintiffs' argument that the Second Circuit "may well disagree" with this Court's conclusion that First Amendment retaliation claims in the immigration context "'entail[] systemic costs of particular concern,' 'threaten[] to chill law enforcement,' and 'may undermine prosecutorial effectiveness.'" Pls.' Stay Motion MOL at 7

(quoting May 23 Order, at 17 (quoting *AADC*, 525 U.S. at 489–90)).  The Second Circuit is bound by *AADC*, which held that these concerns "are greatly magnified in the deportation context." *AADC*, 525 U.S. at 490.

In light of the foregoing, plaintiffs have failed to carry their burden that they are likely to succeed on their appeal.  They have not raised more than a "mere possibility of relief." *Nken*, 556 U.S. at 434.  Accordingly, the first of the two "most critical" factors in the stay analysis weigh against granting plaintiffs' motion. *Id.* at 435.

### C.    Mr. Ragbir Will Not Suffer Irreparable Injury Absent a Stay

Mr. Ragbir cannot show that he will suffer irreparable harm if this Court does not stay his removal because DNJ has already stayed his removal, and that stay remains in place.  "Simply showing some possibility of irreparable injury fails to satisfy the second factor [of the stay analysis]. . . . [T]he possibility standard is too lenient." *Nken*, 556 U.S. at 434–35 (internal quotation marks and citation omitted).  As long as the judicial stay of removal issued by DNJ remains in effect, Mr. Ragbir will only be able to show the possibility of harm when seeking a stay before this Court.  On March 23, 2018, DNJ entered a stay of Mr. Ragbir's removal pending the resolution of his coram nobis petition, and on May 4, 2018, DNJ held an evidentiary hearing on Mr. Ragbir's coram nobis petition. *See Ragbir v. United States*, No. 2:17-cv-1256-KM, 2018 WL 1446407 (D.N.J. March 23, 2018); Minute Entry for . . . Evidentiary Hearing Held on 05/04/2018, *Ragbir v. United States*, No. 2:17-cv-1256-KM, Dkt. No. 51 (D.N.J. May 4, 2018).  The Government's post-hearing submission is presently due on June 15, 2018, and the parties' reply submissions are presently due on July 6, 2018. *See* Order dated May 31, 2018, *Ragbir v. United States*, No. 2:17-cv-1256-KM, Dkt. No. 56 (D.N.J. May 31, 2018).  Assuming that DNJ does not rule on Mr. Ragbir's coram nobis petition before it receives these post-hearing submissions, Mr. Ragbir will not suffer any harm absent a stay of removal issued by this Court

until at least July 6, 2018, and likely longer.  Accordingly, Mr. Ragbir cannot presently carry his burden to show that he will suffer irreparable harm if his stay motion before this Court is denied.[2]

### D.     The Public Interest Is Served by Enforcing the Immigration Laws

Mr. Ragbir has failed to establish that the public interest would be served by this Court staying his removal.  "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest.  These factors merge when the Government is the opposing party."  *Nken*, 556 U.S. at 435.  In the present case, the harms to the opposing party and the public interest weigh decisively against granting Mr. Ragbir an additional stay of his removal.

Granting a stay to Mr. Ragbir will harm the Government and the public by delaying the enforcement of United States law.  "There is always a public interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings IIRIRA established, and 'permit[s] and prolong[s] a continuing violation of United States law.'"  *Nken*, 556 U.S. at 436 (quoting *AADC*, 525 U.S. at 490) (alterations in original).  The *Nken* Court was clear that "[i]n considering [the merged final two

---

[2] Contrary to plaintiffs' position, Pls.' Stay Motion MOL at 11, the possible harms Mr. Ragbir might suffer as a result of his removal are not First Amendment harms.  "[T]he First Amendment does not prevent restrictions directed at . . . [nonexpressive] conduct from imposing incidental burdens on speech."  *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011).  The loss of Mr. Ragbir's or any other alien's ability to speak in the United States as a result of his or her removal would be an incidental consequence of immigration laws that are directed at nonexpressive conduct, namely the presence of aliens in the United States without permission, *see Fong Yue Ting v. United States*, 149 U.S. 698, 730 (1893).  If the incidental burden on an alien's speech caused by removal violated the First Amendment, then every alien challenging a removal order could show an imminent violation of his or her First Amendment rights as a matter of course.  This has never been the law.  Accordingly, Mr. Ragbir could not establish that his First Amendment rights would be violated as a result of his removal.

stay factors], courts must be mindful that the Government's role as the respondent in every removal proceeding does not make the public interest in each individual one negligible." *Nken*, 556 U.S. at 435.  Accordingly, Mr. Ragbir is asking this Court to prolong non-negligible harms to the public interest.

Plaintiffs perversely argue that the public's interest in the enforcement of the immigration laws should be given less weight here because ICE has not sought to remove Mr. Ragbir for the past eleven years despite a final order of removal.  *See* Pls.' Stay Motion MOL at 14, 15.  This is wrong for a number of reasons, including the fact that the Second Circuit ruled on (and denied) Mr. Ragbir's most recent petition for review on March 4, 2016, after ICE had exercised its discretion in January 2016 to grant Mr. Ragbir a two-year administrative stay of removal.  More broadly, it is wrong for plaintiffs to suggest that ICE's favorable exercise of discretion to allow Mr. Ragbir to remain in the United States while he availed himself of the fullest extent of due process over the past decade should now be held against it.

The public interest identified by the Supreme Court "in preventing aliens from being wrongfully removed," does not weigh heavily in this case because Mr. Ragbir is not challenging the merits of his final order of removal.  *Nken*, 556 U.S. at 436.  There is no dispute that he does not have a right to remain in the United States.  Instead, his claim concerns whether his valid final order of removal was improperly selected for enforcement.  But "[t]he contention that a violation [of United States immigration law] must be allowed to continue because it has been improperly selected is not powerfully appealing."  *AADC*, 525 U.S. at 491.  In the present case, such a contention does not counterbalance the public's interest in enforcement of United States law.  *See Nken*, 556 U.S. at 436.

Contrary to plaintiffs' argument, the amicus briefs filed on Mr. Ragbir's behalf do not

affect the merged third and fourth stay factors.  *See* Pls.' Stay Motion MOL at 15.  Plaintiffs can point to no legal authority that the public interest should be evaluated in terms of amicus submissions on a party's behalf.  In addition, the Supreme Court has spoken directly to how to evaluate the public interest in the present case, *see, e.g.*, *Nken*, 556 U.S. at 436, and it does not weigh in Mr. Ragbir's favor.

Mr. Ragbir has received all the process that was due in the eleven years since he became subject to a final order of removal.  In *Nken*, the Supreme Court observed that "[t]he [public] interest in prompt removal may be heightened by the circumstances . . . if, for example, the alien . . . has substantially prolonged his stay by abusing the processes provided to him."  556 U.S. at 436 (citing *AADC*, 525 U.S. at 490 ("Postponing justifiable deportation (in the hope that the alien's status will change—by, for example, marriage to an American citizen—or simply with the object of extending the alien's unlawful stay) is often the principal object of resistance to a deportation proceeding . . . .").  Mr. Ragbir's use of legal processes has not been abusive, but it has been fulsome.  Since his removal order became final, Mr. Ragbir has filed a motion for reconsideration and as construed for reopening before the BIA, Mechkowski Decl. ¶ 11, two petitions for review of his immigrations proceedings in the Second Circuit, *Ragbir v. Holder*, 389 F. App'x 80 (2d Cir. 2010), *Ragbir v. Lynch*, 640 F. App'x 105 (2d Cir. 2016), a petition for writ of certiorari in the United States Supreme Court, *Ragbir v. Holder*, 132 S. Ct. 95 (2011), two coram nobis petitions before DNJ, *see Ragbir v. United States*, No. 2:17-cv-1256-KM, 2018 WL 1446407, at *3 (D.N.J. March 23, 2018), an application for a presidential pardon, *see id.*, a habeas corpus petition challenging his detention before the SDNY, *Ragbir v. Sessions*, No. 18-cv-236 (KBF), 2018 WL 623557 (S.D.N.Y. Jan. 29, 2018), and a programmatic First Amendment challenge to the nationwide enforcement of the nation's immigration laws, *see*

Complaint.  Mr. Ragbir was free to pursue each of these actions and steps, but the Court should take into account the substantial process Mr. Ragbir has received and the long delay in enforcement of Mr. Ragbir's final order of removal when assessing the harm to the Government and the public interest in the context of Mr. Ragbir's present stay application.  Further delay in the enforcement of Mr. Ragbir's removal order will cause continuing harm to the public interest, *Nken*, 556 U.S. at 436, and Congress amended the INA, including through 8 U.S.C. § 1252(g), with precisely such harms in mind, *see id.* ("The continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings IIRIRA established."); *AADC*, 525 U.S. at 487 ("[8 U.S.C. § 1252(g)] is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings.").  If this Court reaches the merged third and fourth factors of the stay analysis, it should conclude that Mr. Ragbir has failed to carry his burden to show that the public interest weighs in favor of granting him a stay of removal.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny plaintiffs' motion for a stay of Mr. Ragbir's removal pending appeal.

Dated:   New York, New York
        June 12, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York,
Attorney for the United States

By:     /s/ _____

Jeffrey S. Oestericher
Brandon M. Waterman
Steven J. Kochevar
Joseph N. Cordaro
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.     (212) 637-2741
Fax     (212) 637-2786