UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAVIDATH LAWRENCE RAGBIR, *et al.*,

Plaintiffs,

- against -

RONALD D. VITIELLO, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, *et al.*,

Defendants.

**No. 18 Civ. 1159 (PKC)**

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2715
*Attorney for Defendants*

Steven J. Kochevar
*Assistant United States Attorney*
– Of Counsel –

# TABLE OF CONTENTS

ARGUMENT ..... 1

I. THE COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS ..... 1

A. 8 U.S.C. § 1252(g) Eliminates the Court's Jurisdiction ..... 1

B. 8 U.S.C. § 1252(b)(9) Also Eliminates the Court's Jurisdiction ..... 2

C. 8 U.S.C. § 1252(f)(1) Bars Entry of Plaintiffs' Requested Relief ..... 3

D. Plaintiffs' Allegations of Subjective Chill Do Not Support Standing ..... 4

E. The Organizational Plaintiffs Lack Standing To Sue on Their Own Behalf ..... 5

F. The Organizational Plaintiffs Lack Associational Standing ..... 6

II. PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM UPON WHICH RELIEF CAN BE GRANTED ..... 8

A. *AADC* Forecloses Plaintiffs' Claims. ..... 8

B. Plaintiffs Have Failed to Plausibly Allege a Retaliation Claim ..... 8

C. Plaintiffs Fail to State a Plausible Claim for Relief for Content, Viewpoint, and Speaker Discrimination ..... 10

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Cases**

*Agency for Int'l Dev. v. Alliance for Open Soc'y Int'l, Inc.*,
570 U.S. 205 (2013) ........ 7
*Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*,
651 F.3d 218 (2d Cir. 2011) ........ 7
*Bano v. Union Carbide Corp.*,
361 F.3d 696 (2d Cir. 2004) ........ 7
*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*,
868 F.3d 104 (2d Cir. 2017) ........ 5
*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ........ 4, 6
*Espinal v. Goord*,
558 F.3d 119 (2d Cir. 2009) ........ 9, 10
*Greenwich Citizens Comm., Inc. v. Cntys. of Warren and Wash. Indus. Dev. Agency*,
77 F.3d 26 (2d Cir. 1996) ........ 10
*I.N.S. v. St. Cyr*,
533 U.S. 289 (2001) ........ 2, 3
*J.E.F.M. v. Lynch*,
837 F.3d 1026 (9th Cir. 2016) ........ 3
*Jennings v. Rodriguez*,
138 S. Ct. 830 (2018) ........ 3
*Laird v. Tatum*,
408 U.S. 1 (1972) ........ 4, 5, 6
*Lozman v. City of Riviera Beach*,
138 S. Ct. 1945 (2018) ........ 8
*Luna v. Holder*,
637 F.3d 85 (2d Cir. 2011) ........ 3
*Monell v. New York City Dep't of Soc. Servs.*,
436 U.S. 658 (1978) ........ 8
*Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*,
990 F. Supp. 245 (S.D.N.Y. 1997) ........ 7
*Reno v. American-Arab Anti-Discrimination Comm.*,
525 U.S. 471 (1999) ........ 3, 8
*Sorrell v. IMS Health Inc.*,
564 U.S. 552 (2011) ........ 10
*Summers v. Earth Island Institute*,
555 U.S. 488 (2009) ........ 7
*Tefel v. Reno*,
972 F. Supp. 608 (S.D. Fla. 1997) ........ 4
*Webster v. Doe*,
486 U.S. 592 (1988) ........ 4

**Statutes**

8 U.S.C. §§ 1221-1231 .......................................................... 3, 4
8 U.S.C. § 1252.......................................................... *passim*

Defendants respectfully submit this reply memorandum of law in support of their motion to dismiss plaintiffs' amended complaint. Plaintiffs' opposition raises no legal or factual basis on which to deny defendants' motion to dismiss. Specifically, although plaintiffs cast their amended complaint as challenging a pattern or practice of retaliatory actions by defendants, plaintiffs have failed to allege specific instances of reviewable enforcement actions that could establish this Court's jurisdiction or state a claim for relief under the First Amendment. Plaintiffs' amended complaint should be dismissed in its entirety.

## ARGUMENT

### I. THE COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS

#### A. 8 U.S.C. § 1252(g) Eliminates the Court's Jurisdiction

8 U.S.C. § 1252(g) eliminates the Court's jurisdiction over the majority of plaintiffs' amended complaint because most of defendants' allegedly retaliatory actions fall within its scope. *See* Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint at 7–8, Dkt. No. 107 ("Defs.' MOL"). Plaintiffs do not dispute that the plain text of 8 U.S.C. § 1252(g) deprives the Court of jurisdiction to review many of the alleged actions in their amended complaint, such as the commencement of proceedings against Villalpando. *See id.*; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, at 9–10, Dkt. No. 108 ("Opp. MOL"). Although plaintiffs identify a list of actions they argue are not barred by § 1252(g), the Court lacks jurisdiction to review each of these actions for other reasons. *See id.* at 10. Specifically, no plaintiff has standing to raise claims challenging the detention of Vargas, Garcia Diaz, Balcazar Sanchez, Palacios Rodriguez, or Chavez Flores because they are not members of any organizational plaintiff, and plaintiffs concede that "no organizational Plaintiff is asserting any claim on behalf [of] any noncitizen who is not a member of one of the organizational Plaintiffs." *Id.* at 24 n.10. In addition, Ragbir, Montrevil, Vargas,

Pablos, and Chavez Flores have been released from detention or segregation, and so any claims based on their detention or placement in segregation would not be redressed by plaintiffs' requested relief. *See* Defs.' MOL at 24; Amended Complaint ¶¶ 89 n. 20, 119–22, Prayer for Relief, Dkt. No. 100 ("Am. Compl."). Finally, plaintiffs do not dispute that they lack standing to challenge actions undertaken in connection with Operation Safe City. *See* Opp. MOL at 19 n.8.

The only other allegations plaintiffs identify as falling beyond the reach of § 1252(g) concern defendants' "detain[ing] spokespeople and directors of immigration advocacy organizations" and "instruct[ing] activists that their immigration rights organizations may be detrimental to them." Opp. MOL at 10. But plaintiffs do not identify detained spokespeople or directors other than Ragbir and Montrevil, and defendants' alleged instructions to activists do not establish a concrete injury sufficient to support standing. Accordingly, plaintiffs have failed to allege specific instances of any pattern or practice that would support this Court's jurisdiction and that do not fall within § 1252(g)'s jurisdictional bar.

**B. 8 U.S.C. § 1252(b)(9) Also Eliminates the Court's Jurisdiction**

8 U.S.C. § 1252(b)(9) also deprives this Court of jurisdiction because plaintiffs' claims challenge "action[s] taken or proceeding[s] brought to remove . . . alien[s] from the United States." 8 U.S.C. § 1252(b)(9). In their opposition briefing, plaintiffs do not attempt to identify specific actions taken by defendants that would fall outside of § 1252(b)(9)'s broad scope and instead argue that *I.N.S. v. St. Cyr* forecloses § 1252(b)(9)'s application here. 533 U.S. 289 (2001); *see* Opp. MOL at 10–11. But this argument fails to acknowledge that, at the time *St. Cyr* was decided, the version of § 1252 then in effect did not allow certain criminal aliens, including the respondent in *St. Cyr*, to challenge their removal orders through a petition for review. *St. Cyr*, 533 U.S. at 313. Thus, when the *St. Cyr* Court held that a prior version of § 1252(b)(9) did not bar the habeas claim of an alien who could not avail himself of the petition for review

process, the Supreme Court was not addressing the scope of § 1252(b)(9) as applied to claims arising from actions taken against an alien who could avail herself of a petition for review. *See id.* at 313–14. Moreover, Congress subsequently amended § 1252 through the REAL ID Act of 2005 to expressly bar habeas claims challenging final orders of removal, and also restored the availability of the petition for review process for criminal aliens. *See Luna v. Holder*, 637 F.3d 85, 94 (2d Cir. 2011). *St. Cyr*'s interpretation of the prior version of § 1252 is inapposite.

In a case involving First Amendment retaliation claims highly similar to plaintiffs' own, the Supreme Court explained that subsection 1252(b)(9) is an "unmistakable 'zipper' clause" that "channels judicial review of *all* [claims arising from deportation proceedings]" to a court of appeals in the first instance. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999) ("*AADC*"); *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, [8 U.S.C.] § 1252(a)(5) and § 1252(b)(9) mean that *any* issue—whether legal or factual—arising from any removal-related activity can be reviewed *only* through the [petition for review] process."). *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), also supports the application of § 1252(b)(9) to plaintiffs' claims. Defs.' MOL at 9–10. Contrary to plaintiffs' argument, Opp. MOL at 10–11, *Jennings* does not conflict with *St. Cyr* and need not overrule it.

**C. 8 U.S.C. § 1252(f)(1) Bars Entry of Plaintiffs' Requested Relief**

Section 1252(f)(1) deprives this Court of jurisdiction to enter plaintiffs' requested injunctive relief. *See* Defs.' MOL at 10. Plaintiffs mischaracterize the relief they seek by arguing that § 1252(f)(1) is inapplicable on the ground that they purportedly are not seeking to enjoin or restrain the operation of any provision of 8 U.S.C. §§ 1221-1231. *See* Opp. MOL at 11–12. Contrary to plaintiffs' assertion, their request that the Court "restrain[] Defendants on a nationwide basis from targeting and/or selectively enforcing the immigration laws," effectively would enjoin the operation of §§ 1221-1231, which generally provides the Executive with the

authority to enforce the immigration laws. *See* 8 U.S.C. §§ 1221-1331; Am. Compl. Prayer for Relief ¶ d.[1] Moreover, contrary to plaintiffs' argument, Opp. MOL at 12, there is no constitutional defect in applying § 1252(f)(1) here: the statute expressly allows the Supreme Court to enter injunctive relief on a broader basis. *See* 8 U.S.C. § 1252(f)(1). Moreover, § 1252(f)(1) does not raise the "serious constitutional question" contemplated in *Webster v. Doe* because its limitation on a specific form of relief does not close off all judicial forums for colorable constitutional claims. 486 U.S. 592, 603 (1988); *see* 8 U.S.C. § 1252 (providing for judicial review of orders of removal).

**D. Plaintiffs' Allegations of Subjective Chill Do Not Support Standing**

*Laird v. Tatum* also eliminates this Court's jurisdiction over plaintiffs' claims to the extent they are based on open-ended allegations of investigation, surveillance, and subjective chilling effects. 408 U.S. 1, 10–15 (1972). The Supreme Court has reaffirmed *Laird*'s holding that, for purposes of standing, "allegations of a subjective chill are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013) (quotation marks and brackets omitted). Plaintiffs contend that *Laird*'s holding does not apply here because the *Laird* plaintiffs "'freely admit[ted] that they complain[ed] of no specific action . . . [taken] against them,' and there was 'no evidence of illegal or unlawful surveillance activities.'" Opp. MOL at 18 (quoting *Laird*, 408 U.S. at 9) (first two alterations in original). But these statements also describe the present case:

---

[1] Plaintiffs' reliance on a decision from the Southern District of Florida is misplaced. *See* Opp. MOL at 12 (quoting *Tefel v. Reno*, 972 F. Supp. 608 (S.D. Fla. 1997), *vacated*, 180 F.3d 1286 (11th Cir. 1999)). Setting aside the Eleventh Circuit's vacatur, the district court's opinion is not persuasive here because *Tefel* did not involve allegations of selective enforcement. Moreover, the district court in *Tefel* held that § 1252(f)(1) did not apply because plaintiffs commenced their proceedings before the Illegal Immigration Reform and Immigrant Responsibility Act took full effect, unlike here. *See* 972 F. Supp. at 618.

the organizational plaintiffs have not alleged that any specific enforcement action has been or will be taken against them.[2] With respect to plaintiffs' claims of surveillance, there have been no allegations of illegal surveillance activities: plaintiffs' surveillance allegations amount to the brief appearance of an ICE vehicle at a procession in support of Ragbir, Am. Compl. ¶ 62, a clergyman's report of the brief appearance of two ICE agents at a church, *id.* ¶ 162 n.42, and surveillance of a Coalition meeting the day before Ragbir's arrest, *id.* Plaintiffs have failed to allege a sufficient basis on which to conclude that these instances of surveillance were retaliatory and have not explained why they would otherwise be unlawful. While *Laird* would not bar a challenge to a specific enforcement action taken by defendants, plaintiffs have failed to identify any specific enforcement action taken against them over which this Court would have jurisdiction. In the absence of "specific present objective harm or . . . threat of specific future harm" against plaintiffs, *Laird* bars plaintiffs' claims. *Laird*, 408 U.S. at 14.

**E. The Organizational Plaintiffs Lack Standing To Sue on Their Own Behalf**

The organizational plaintiffs lack standing to bring claims on their own behalf. *See* Defs.' MOL at 14–16. In their opposition briefing, plaintiffs argue that certain allegations in their amended complaint establish organizational standing, Opp. MOL at 13–15, but none of these allegations establish "(i) an imminent injury in fact to [a plaintiff] as an organization (rather than to its members) that is distinct and palpable; (ii) that [plaintiff's] injury is fairly traceable to [retaliatory enforcement actions]; and (iii) that a favorable decision would redress [plaintiff's] injuries." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017). First, plaintiffs cannot rely on expenditures for the defense of

---

[2] The Court has already dismissed plaintiffs' challenge to the sole specific action allegedly taken against Ragbir: the attempted enforcement of his final order of removal. *See* Memorandum and Order dated May 23, 2018, Dkt. No. 83.

Villalpando or Ragbir because 8 U.S.C. § 1252(g) deprives this Court of jurisdiction to review the actions taken against them. *See* Memorandum and Order dated May 23, 2018, at 12, Dkt. No. 83 ("May 23 Order"); Defs.' MOL at 7–8. Second, any deprivation of Ragbir's services to the Coalition during his detention or harm to the Coalition caused by ICE's restriction of public access to the check-in room at 26 Federal Plaza will not be redressed by plaintiff's requested relief. *See* Am. Compl. Prayer for Relief. Third, the Coalition's creation of a buddy system and training for its staff in response to fears of surveillance are insufficient because "costs . . . incurred . . . simply [as] the product of [plaintiff's] fear of surveillance . . . [are] insufficient to create standing." *Clapper*, 568 U.S. at 417 (citing *Laird*, 408 U.S. at 10–15). In addition, the Coalition has not adequately traced its new programs to retaliatory enforcement actions, rather than valid enforcement of the immigration laws. *See Clapper*, 568 U.S. at 412–13 (plaintiffs must trace their alleged surveillance injuries to the authority they are challenging to establish standing). Likewise, plaintiffs have failed to trace NIPNLG's or any other organizational plaintiff's alleged diversion of resources to alleged retaliatory actions, rather than valid enforcement of the immigration laws. *See id.*; Defs.' MOL at 14–16. Thus, the organizational plaintiffs lack standing because they have not shown injuries to themselves that are fairly traceable to retaliatory actions and likely to be redressed.

**F. The Organizational Plaintiffs Lack Associational Standing**

The organizational plaintiffs lack associational standing to bring claims on behalf of any of their members. Defendants' opening brief explains how this Court lacks jurisdiction, on standing grounds or under § 1252, over any claims raised on behalf of each of the members of the organizational plaintiffs identified in the amended complaint. Defs.' MOL at 17–18. Plaintiffs do not challenge these explanations and instead argue that it is unnecessary for them to identify specific members with standing. Opp. MOL at 16–17. But plaintiffs' argument is

foreclosed by *Summers v. Earth Island Institute*, where the Supreme Court held that organizational plaintiffs must specifically identify their members with standing to assert associational standing. 555 U.S. 488, 498–99 (2009). The Court was clear that the "requirement of naming the affected members has never been dispensed with in light of statistical probabilities, but only where all the members of the organization are affected by the challenged activity." *Id.* at 498–99. The organizational plaintiffs have not alleged that all of their members have been concretely injured by retaliatory actions, and so must identify specific members to establish standing.

Plaintiffs lack associational standing also because "the fact and extent of the injury that gives rise to [their] claims for injunctive relief would require individualized proof." *Bano v. Union Carbide Corp.*, 361 F.3d 696, 714 (2d Cir. 2004). Plaintiffs' contrary contention that their case concerns the conduct of defendants, Opp. MOL at 17, overlooks the fact that they have not alleged that any of defendants' actions were unlawful, apart from retaliatory taint. Establishing retaliatory motive would therefore be an essential part of plaintiffs' case, but this would require a specific examination of non-party aliens' activism, as well as any valid bases for challenged enforcement actions—which would depend on each alien's immigration status and proceedings. Individual aliens' participation in the suit is therefore necessary. The cases plaintiffs cite on this point are not applicable because they do not involve retaliation against individuals in varied circumstances and instead concern facial challenges to statutes or defendants' allegedly unlawful policies. *See Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 223 (2d Cir. 2011) (challenging 22 U.S.C. § 7631(f)), *aff'd sub nom. Agency for Int'l Dev. v. Alliance for Open Soc'y Int'l, Inc.*, 570 U.S. 205 (2013); *Nat'l Ass'n of Coll. Bookstores, Inc. v. Cambridge Univ. Press*, 990 F. Supp. 245, 247 (S.D.N.Y. 1997) (challenging book publishers'

allegedly unlawful discount policies).

## II. PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. *AADC* Forecloses Plaintiffs' Claims.

*AADC* forecloses plaintiffs' claims. 525 U.S. 471 (1999). "As a general matter . . . an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation." *Id.* at 488. This Court has already held that plaintiffs' challenge to the execution of Ragbir's removal order does not fall within any possible exception to that holding. *See* May 23 Order at 17–18. Plaintiffs do not dispute that the other actions challenged by plaintiffs also do not fall into any possible exception. *See* Opp. MOL at 22–23. Their allegations of retaliation are too sparse and conclusory to establish that any of defendants' challenged actions amount to a "rare," "outrageous" case. *AADC*, 525 U.S. at 491. The Constitution does not provide a basis for plaintiffs' claims. *Id.* at 488.[3]

### B. Plaintiffs Have Failed to Plausibly Allege a Retaliation Claim

Ragbir and the Coalition have failed to state a plausible claim for First Amendment retaliation on their own behalf because they have not alleged any reviewable adverse action taken against them.[4] An adverse action in the First Amendment retaliation context is an action "that would deter a similarly situated individual of ordinary firmness from exercising his or her

---

[3] Contrary to plaintiffs' briefing, *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945 (2018), is not relevant here. Opp. MOL at 20. *Lozman* allowed a § 1983 plaintiff to assert a retaliatory arrest claim against a municipality under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because of an alleged "official municipal policy" of retaliation. *Lozman*, 138 S. Ct. at 1954 (plaintiff's *Monell* claim is "far afield from the typical retaliatory arrest claim," and requires "objective evidence of a policy motivated by retaliation to survive"). In the present case, plaintiffs have not alleged anything that approaches an official policy of retaliation.

[4] This Court lacks jurisdiction to review the attempted removal of Ragbir or the removal of Montrevil, and so Ragbir's and the Coalition's remaining claims cannot be based on these actions. *See* 8 U.S.C. § 1252(g); May 23 Order at 12.

constitutional rights" or one that actually chills plaintiffs' speech. *Espinal v. Goord*, 558 F.3d 119, 128 n.7 (2d Cir. 2009). Neither Ragbir nor the Coalition allege that their speech has actually been chilled. *See, e.g.*, Am. Compl. ¶ 154 ("The Coalition has grown rapidly in the past year . . . ."). Neither the limitations on the public check-in room at 26 Federal Plaza nor plaintiffs' sparse allegations of lawful surveillance would be sufficient to deter an individual of ordinary firmness from speaking. *See* Am. Compl. ¶¶ 61, 62, 162 n.42. [5]

The other organizational plaintiffs have failed to state a plausible claim for relief on their own behalf. *See* Defs.' MOL at 20–21. In their opposition briefing, plaintiffs do not attempt to explain how the speech of any organizational plaintiff other than the Coalition motivated any adverse action on defendants' part. *See* Opp. MOL at 21. Moreover, plaintiffs clarify that "the non-Coalition organizational Plaintiffs . . . are asserting only discrimination claims, not retaliation claims." *See* Opp. MOL at 24 n.10. Plaintiffs have not adequately alleged any discrimination claim, and so all of the non-Coalition organizational plaintiffs' claims should be dismissed. *See infra* p. 10; Defs.' MOL at 24–25.

Plaintiffs also have failed to allege any retaliation claim on behalf of any non-party alien. Plaintiffs' repetition of the allegations in the complaint is insufficient to rebut defendants' explanation of why the complaint fails to provide a plausible basis on which to infer retaliation against any non-party alien. *See* Opp. MOL at 21–22; Defs.' MOL at 21–24. In addition, plaintiffs' opposition briefing clarifies that the organizational plaintiffs are not raising claims on behalf of any non-member alien. Opp. MOL at 24 n.10. But plaintiffs' amended complaint

[5] Plaintiffs provide no authority for their argument that speech by supporters of Ragbir at rallies organized by the Coalition can be ascribed to the Coalition itself. *See* Opp. MOL. at 24. Regardless, plaintiffs have not adequately alleged a causal connection between speech by Ragbir's supporters at a Coalition rally and a plausibly adverse action against the Coalition itself.

identifies only nine members of the organizational plaintiffs who have not already been removed. *See* Defs.' MOL at 17–18. Plaintiffs do not state a plausible claim for relief on behalf of any of these individuals: Gottlieb is a United States citizen; Pablos already has been released from detention; Garcia and Camacho are not alleged to have suffered any adverse action; and plaintiffs do not dispute that the remaining members' claims are barred by 8 U.S.C. § 1252(g). *See id.*; Am. Compl. ¶¶ 14, 46, 108, 121–22, 134–43, 173, 177.

### C. Plaintiffs Fail to State a Plausible Claim for Relief for Content, Viewpoint, and Speaker Discrimination

Plaintiffs have failed to state a First Amendment discrimination claim. They have not alleged that any of defendants' actions were unlawful apart from retaliatory taint, nor do they challenge any statutory provision. Every First Amendment discrimination case cited by plaintiffs in their amended complaint and opposition briefing concerns a challenge to statutes or rules that regulate the primary conduct of speech. *See* Am. Compl. ¶¶ 206–10; Opp. MOL at 25. "[T]he First Amendment does not prevent restrictions directed at . . . [nonexpressive] conduct from imposing incidental burdens on speech," and plaintiffs do not dispute that the immigration laws do not regulate the primary conduct of non-fraudulent speech. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011). Accordingly, to the extent the immigration laws can be applied in a discriminatory manner on First Amendment grounds, such selective enforcement could only amount to a retaliation claim. *See Greenwich Citizens Comm., Inc. v. Cntys. of Warren and Wash. Indus. Dev. Agency*, 77 F.3d 26, 31–32 (2d Cir. 1996). Because plaintiffs' retaliation claims are deficient, their amended complaint should be dismissed in full.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiffs' amended complaint in full.

Dated: New York, New York
October 5, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York,
Attorney for the United States

By: /s/ *Steven J. Kochevar*

Steven J. Kochevar
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
steven.kochevar@usdoj.gov
Tel. (212) 637-2715
Fax (212) 637-2717
*Counsel for Defendants*