# Arnold & Porter

R. Stanton Jones
+1 202.942.5563 Direct
Stanton.Jones@arnoldporter.com

August 19, 2019

Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Ragbir et al., v. Homan*, et al., No. 18-cv-1159

Dear Judge Castel:

Pursuant to the Court's direction at the August 30, 2019 status conference in this case, we write on behalf of Plaintiffs to respond to the Government's statements concerning discovery in its letter of July 26, 2019 (ECF No. 116). Specifically, the Government asserts that because Plaintiffs' First Amendment claims challenging the retaliatory removal of Plaintiff Ravi Ragbir are before this Court under its constitutional habeas jurisdiction, "the broad discovery provisions of the Federal Rules of Civil Procedure do not apply," and Plaintiffs are "not entitled to discovery as a matter of course" with respect to those claims. The Government is wrong about the availability and scope of discovery, and in any event Plaintiffs have prepared a set of discovery requests appropriately tailored to their claims specific to Mr. Ragbir. Once the Second Circuit's mandate issues, discovery should commence with service of those requests.

Under the plain terms of the Federal Rules of Civil Procedure, which the Government ignores, Plaintiffs' claims challenging Mr. Ragbir's removal remain fully subject to the Federal Rules of Civil Procedure, including its provisions regarding discovery. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," including, according to Rule 81, "*proceedings for habeas corpus* to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 cases, the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 1, 81(a)(4) (emphasis added). These rules have

Arnold & Porter Kaye Scholer LLP
250 West 55th Street | New York, NY 10019-9710 | www.arnoldporter.com

US 165840442v2
US 165374297v2

**Arnold & Porter**

Honorable P. Kevin Castel
August 19, 2019
Page 2

the force of law, and the Government cannot disregard them.  *See* 28 U.S.C. § 2072 (Rules Enabling Act mandating that Federal Rules shall govern "practice and procedure," and "[a]ll laws in conflict with such rules shall be of no further force or effect").

Applying Rules 1 and 81 here, it is clear that the Federal Rules of Civil Procedure fully apply to Plaintiffs' claims challenging Mr. Ragbir's removal, notwithstanding that those claims are before the Court pursuant to its constitutional habeas jurisdiction.  First, the procedures for adjudicating these claims are not "specified in a[ny] federal statute." Fed. R. Civ. P. 81(a)(4)(A).  To the contrary, as the Second Circuit ruled in this case, the basis of this Court's jurisdiction over the claims at issue is constitutional rather than statutory.  *Ragbir v. Homan*, 923 F.3d 53, 57-58 (2d Cir. 2019).  Second, practice in cases like this one—a lawsuit seeking equitable relief from First Amendment retaliation by the Government—has "previously conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(4)(B).  In the ordinary course, it is beyond dispute that discovery in such a civil action would be governed by the Federal Rules of Civil Procedure.  *See, e.g.*, *Singh v. City of New York*, 418 F. Supp. 2d 390, 404 (S.D.N.Y. 2005) (Castel, J.), *aff'd*, 524 F.3d 361 (2d Cir. 2008) (noting that plaintiff had a full opportunity through pretrial discovery to identify evidence to support elements of well-pleaded claim of First Amendment retaliation).[1]  The fact that this case is now before this Court pursuant to its constitutional habeas jurisdiction does not change the basic nature of Plaintiffs' First Amendment claims.  Those claims challenge the Government's attempt to remove Mr. Ragbir from this country in retaliation for his core political speech.  The Federal Rules thus apply here just as they would in any other well-pleaded First Amendment retaliation lawsuit.

The cases cited by the Government in its July 26 letter are irrelevant here because those cases relate to *criminal* habeas petitions brought under Sections 2254 and 2255 of Title 28 of the United States Code.[2]  Rule 81 explicitly exempts such criminal habeas

---

[1] Similarly, in *Gonzalez v. Napolitano*, the New Jersey district court, applying a parallel provision of Rule 81 stating that the Federal Rules apply to "proceedings for admission to citizenship *to the extent that the practice in those proceedings is not specified in federal statutes and has previously conformed to the practice in civil actions*," held that the Federal Rules of Civil Procedure applied in a naturalization case because naturalization claims were typically subject to the Federal Rules.  No. 09-03426, 2010 WL 3522789, at *3 (D.N.J. Sept. 2, 2010) (emphasis added).  The court emphasized that broad discovery under the Federal Rules was particularly critical in a *de novo* judicial review, because the court could not rely on any prior adjudication of the claims at issue.  *Id.*  The same is true here.

[2] In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Court considered whether discovery was appropriate in connection with the habeas petition of a man who had been criminally convicted of kidnapping, armed robbery, and murder in Illinois state court.  *Bracy* held that discovery was

**Arnold & Porter**

Honorable P. Kevin Castel
August 19, 2019
Page 3

cases from the Federal Rules of Civil Procedure.  Such criminal habeas cases are inapplicable here, as are the Rules Governing Section 2254 and 2255 Proceedings, because they presume that the habeas petitioner previously had an opportunity to develop the facts at a criminal trial.  Given the significant procedural protections available to criminal defendants, in criminal habeas cases "considerable deference is owed to the court that ordered confinement."  *Boumediene v. Bush*, 553 U.S. 723, 782 (2008).  Mr. Ragbir stands at the opposite end of the spectrum.  As the Second Circuit explained, he has presented "strong" evidence that the Government is attempting to remove him from this country in retaliation for political dissidence, but he has never had any opportunity to develop or present this claim in any prior proceeding.  *Ragbir*, 923 F.3d at 73.

The Second Circuit's opinion in this case independently supports the availability of discovery concerning Plaintiffs' First Amendment claims challenging Mr. Ragbir's removal.  In the Second Circuit appeal, the Government "suggest[ed] in passing that Ragbir is not entitled to the constitutional minimum scope of habeas review because the merits issues in this case are not purely legal, but rather require factfinding."  *Id.* at 74.  Although the argument was arguably waived based on the Government's "failure to develop it," the Second Circuit nonetheless "consider[ed] the issue because it bears on the district court's authority and means to adjudicate Ragbir's habeas petition" on remand.  *Id.*; *see also id.* at 76-78.  The Second Circuit rejected the Government's argument and ruled that "[t]he constitutionally minimum scope of habeas review also includes petitions that require factfinding."  *Id.* at 76.  The court acknowledged that the claims at issue "require the adjudication of contested facts," and explained that habeas petitioners in such circumstances are "'entitled to careful consideration and plenary processing of their claims including full opportunity for presentation of the relevant facts.'"  *Id.* at 77, 78 n.32 (quoting *Harris v. Nelson*, 394 U.S. 286, 298-301 (1969)).  Here, that opportunity should include the typical tools of discovery under the Federal Rules of Civil Procedure.

Importantly, the Second Circuit emphasized that no court has ever adjudicated any facts regarding Mr. Ragbir's First Amendment claims.  *Id.* at 78 n.33.  And, the court of appeals explained, "the necessary scope of habeas review in part depends upon the

---

warranted in that case because of the flawed nature of the prior proceedings.  *Id.*  In *Harris v. Nelson*, 394 U.S. 286, 299 (1969), the Court considered whether Federal Rule of Civil Procedure 33 applied to the habeas petition of a man who had been criminally convicted of possession of marijuana in California state court.  The petitioner had exhausted his state remedies before seeking habeas relief in federal court.  Although the Court held that the Federal Rules would not apply to a habeas petition brought under federal law, the Court did not consider whether those rules would apply to a habeas petition brought under the Suspension Clause, or where there had been no prior proceeding at all.  *Id.*

**Arnold & Porter**

Honorable P. Kevin Castel
August 19, 2019
Page 4

rigor of any early proceedings." *Id.* (quoting *Boumediene*, 553 U.S. at 781). In other words, what matters in a habeas review pursuant to the Suspension Clause is not the source of the court's jurisdiction, as the Government contends, but rather "the sum total of procedural protections afforded to the detainee at all stages, direct and collateral." *Boumediene*, 553 U.S. at 783. Thus, since 1789, when, as here, there has been no prior opportunity for judicial review of a petitioner's claim, district courts have routinely allowed discovery, including intensive factual inquiries. *See Ragbir*, 923 F.3d 53 at 77 (describing in detail the history of district courts' use of discovery in connection with habeas review; quoting Richard H. Fallon, Jr. et al., *Habeas Corpus Jurisdiction, Substantive Rights, and the War on Terror*, 120 Harv. L. Rev. 2029, 2102 (2007)).

More recently, the Supreme Court confirmed that district courts conducting habeas reviews under the Suspension Clause must continue to engage in fact-finding where needed to provide petitioners with an effective opportunity to challenge their detention. Thus, in *Boumediene*, the Supreme Court concluded that a petitioner detained pursuant to flawed proceedings, in which discovery was limited, was entitled to more process, and therefore more discovery, than petitioners in post-conviction, criminal habeas reviews. 553 U.S. at 785-86. Under *Boumediene* and its progeny, suspected enemy combatants were allowed to compel the federal government to provide significant, additional discovery in several instances.[3] Notably, the Government's decision suddenly to detain and attempt to remove Mr. Ragbir was the product of an internal decision-making process under which Mr. Ragbir was afforded no protections. As such, Mr. Ragbir is entitled to, at minimum, more protections and more discovery than enemy combatants who were able to engage in some initial review of their detention.

"Moreover, in any event," the Second Circuit observed, "the Government, in opposing the availability of habeas review, does not argue that the declarations of certain officials submitted to the district court must be accepted as true (or even given deference)." *Ragbir*, 923 F.3d at 78 n.33. Without fulsome discovery, Mr. Ragbir would

---

[3] *See, e.g.*, *Abdullah v. Bush*, 657 F. Supp. 2d 194, 196 (D.D.C. 2009) (compelling Government to produce all video and sound recordings upon which the government relied, all original notes and transcripts thereof, including translations from the Arabic, and any other records or reports of those statements); *Al-Ghizzawi v. Obama*, 600 F. Supp. 2d 5, 8 (D.D.C. 2009) (compelling the Government to produce all petitioners' statement, in any form, and all evidence, including classified information, bearing on a witness's credibility or the reliability of statements cited by the Government); *Al Odah v. United States*, No. 02-0828, 2009 WL 382098 (D.D.C. Feb. 12, 2009) (compelling Government to produce a wide range of potentially exculpatory evidence and suggesting that it may be possible for at least one petitioner to depose his interrogator).

# Arnold & Porter

Honorable P. Kevin Castel
August 19, 2019
Page 5

effectively be forced to "accept[] as true" the Government's declarations, precisely the opposite of what the Second Circuit stated should occur.

In sum, factual questions central to Mr. Ragbir's claims remain unexplored, and this Court will be the first to hear evidence on those claims. The scope of discovery in Mr. Ragbir's case should be commensurate with the complete lack of process he has received to date. To allow Mr. Ragbir an adequate opportunity to prosecute his First Amendment claims, this Court should allow discovery to proceed under the Federal Rules of Civil Procedure.

In keeping with the Federal Rules, Mr. Ragbir seeks discovery relevant to the issues in his case, in the form of appropriately tailored requests for production of documents (attached as Ex. A), interrogatories (Ex. B), several depositions (including a Rule 30(b)(6) deposition) (Ex. C), and requests for admission (Ex. D). Specifically, Plaintiffs seek documents and information in the Government's possession relating to Mr. Ragbir for a brief span of time covering the Government's retaliatory attempt to remove Mr. Ragbir. Plaintiffs also seek to depose Defendant Immigration and Customs Enforcement ("ICE") pursuant to Fed. R. Civ. P. 30(b)(6), and will seek the depositions of at least two additional individuals directly involved in the events underlying this action—Scott Mechkowski and Thomas Decker. Both Mechkowski and Decker have already submitted declarations in this action and are key witnesses to the events and decisions that led to Mr. Ragbir's detention and attempted removal. *See Ragbir*, 923 F.3d at 78 n.33 (referencing their declarations). The requested discovery is limited in scope and appropriate given the serious nature of Mr. Ragbir's First Amendment retaliation claims and the strong evidence already provided in support of those claims.

Plaintiffs shared these discovery requests with the Government. While the Government has not denied that some discovery is appropriate here, the Government stated that these requests are overbroad.

For the foregoing reasons, Plaintiffs' First Amendment claims challenging Mr. Ragbir's removal should be allowed to proceed with discovery.

Respectfully Submitted,

*/s/ R. Stanton Jones*

R. Stanton Jones

cc: Counsel of Record

US 165374297v2