# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ravidath Lawrence RAGBIR, et. al,<br><br>            Plaintiff,<br><br>            v.<br><br>Thomas HOMAN, in his official capacity as Acting Director of Immigration and Customs Enforcement, *et. al*,<br><br>            Defendant. | Civil Action No. 18-cv-01159-PKC<br><br>Hon. P. Kevin Castel<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

Pursuant to Federal Rules of Civil Procedure 34 ("Rule 34"), by and through their attorneys of record, request that Defendants, or those authorized to act on behalf of Defendants, respond to the following Interrogatories, answering separately and fully in writing and under oath, and produce for inspection, copying and use all responsive documents requested herein. Documents should be produced, within 30 days after service of these Requests for Production of Documents ("Requests"), to the offices of Arnold & Porter Kaye Scholer LLP.

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with the following definitions.

## DEFINITIONS

1.     COMMUNICATION or COMMUNICATIONS includes any contact between two or more PERSONS (including any individual, corporation, proprietorship, partnership,

association, government agency or any other entity) by which any information, knowledge or opinion is transmitted or conveyed, or attempted to be transmitted or conveyed, and shall include, without limitation, written contact by means such as letters, memoranda, e-mails, text messages, instant messages, tweets, social networking sites, or any other DOCUMENT, and oral contact, such as face-to-face meetings, video conferences, or telephonic conversations.

2. DHS means the U.S. Department of Homeland Security, as well as Customs and Border Protection (CBP), U.S. Citizenship and Immigration Services (USCIS), and ICE and its employees.

3. DOCUMENT means any "document or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A).

4. ICE means Immigration and Customs Enforcement, and its employees.

5. The use of the singular form of any word shall include the plural and vice versa.

6. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses which might otherwise be construed outside the scope.

## INSTRUCTIONS

1. The word "any" includes all and the word "all" includes any.

2. These Requests require the production of all responsive DOCUMENTS within the sole or joint possession, custody, or control of Defendants including, but not limited to, any such DOCUMENT or thing that is within the possession, custody, or control of any agents, agencies,

departments, attorneys, employees, consultants, investigators, representatives, or other PERSONS or entities acting for, or otherwise subject to the control of, Defendants.

3. Defendants shall answer each Request and each part or subpart of a Request separately. Defendants shall leave no part of a Request unanswered merely because an objection is interposed to another part of the Request. If Defendants are unable to answer fully any of these Requests or Interrogatories, after exercising due diligence to secure the information to do so, Defendants should so state, answer to the extent possible, specify Defendants' inability to answer the remainder and provide or state whatever information is in Defendants' possession, custody, control, or knowledge concerning any unanswered portion.

4. If Defendants object to or otherwise decline to answer any portion of a Request, Defendants shall identify the portion of the Request to which they object or otherwise decline to answer, state with particularity the reason for such objection or declination, and identify each PERSON or organization having knowledge of the factual basis, if any, upon which the objection, privilege, or other ground is asserted.

5. For any responsive DOCUMENT or portion thereof that is either reacted or withheld, in whole or in part, on the basis of any assertion of privilege or other asserted exemptions from discovery, identify each DOCUMENT so redacted or withheld. With regard to all DOCUMENTS or portions of documents redacted or withhold on this basis, identify:

    a. the type of DOCUMENT;

    b. the subject matter of the DOCUMENT;

    c. the date of the DOCUMENT; and

    d. such other information as is sufficient to identify the DOCUMENT, including, where appropriate, the author, addressee, custodian, and any other recipient of the

DOCUMENT, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6. If Defendants refuse to provide any information demanded herein on the ground that said information is protected from discovery by a privilege or other protection (including work product doctrine), then Defendants shall:

   a. specify with particularity the nature of the privilege or other protection (including the work product doctrine) being claimed;

   b. provide a specific statement of the ground and authority on which Defendants rely in withholding information;

   c. provide a statement setting forth each PERSON having knowledge of the factual basis, if any, on which the claim or privilege or immunity or other ground is based; and

   d. in the case of a DOCUMENT or COMMUNICATION, a privilege log, served at the time of production identifying the DATE, description, author (s), addressee(s), recipient(s), and subject matter and state the factual basis for the claim of privilege.

7. If any DOCUMENT has been lost, discarded, or destroyed, identify such DOCUMENT. State the type of DOCUMENT, its date, the approximate date it was lost, discarded, or destroyed, the reason it was lost, discarded, or destroyed, a summary of its substance, and the identity of each PERSON having knowledge of the contents thereof.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

### **REQUEST FOR PRODUCTION NO. 1.**

Any and all DOCUMENTS and COMMUNICATIONS, DATED January 20, 2017 through the present day, that refer in any way to Ravidath Ragbir or the New Sanctuary Coalition.

### **REQUEST FOR PRODUCTION NO. 2.**

Any and all DOCUMENTS and COMMUNICATIONS DATED January 1, 2018 through the present day that reflect, relate to, or discuss any policy or decision making process relating to Mr. Ragbir's immigration status, supervision, detention, or deportation/removal from the United States.

Dated:   New York, New York
         _____, 2019

ARNOLD & PORTER KAYE SCHOLER LLP

By: _____
    R. Stanton Jones
    250 West 55th Street
    New York, NY 10019-9710
    Telephone: +1 212 836 8000
    Fax: +1 212 836 8689

    Alina Das
    Washington Square Legal Services Inc.

*Attorneys for Ravidath Lawrence Ragbir,*
*National Immigration Project for the National*
*Lawyers' Guild, Detention Watch Network,*
*CASA, New York Immigration Coalition*