# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ravidath Lawrence RAGBIR, et. al,<br><br>                    Plaintiff,<br><br>                    v.<br><br>Thomas HOMAN, in his official capacity as Acting Director of Immigration and Customs Enforcement, *et. al*,<br><br>                    Defendant. | Civil Action No. 18-cv-01159-PKC<br><br>Hon. P. Kevin Castel<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiffs hereby direct their First Set of Requests for Admission to Defendant Immigration and Customs Enforcement ("ICE"), to be answered separately and fully and on or before ____, 2019, in accordance with the parties' stipulated agreement.

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with the following definitions.

## <u>DEFINITIONS</u>

1.      DHS means the U.S. Department of Homeland Security, as well as Customs and Border Protection (CBP), U.S. Citizenship and Immigration Services (USCIS), and ICE and its employees.

2.      ICE means Immigration and Customs Enforcement, and its employees.

3.      The use of the singular form of any word shall include the plural and vice versa.

4.      The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses which might otherwise be construed outside the scope.

## INSTRUCTIONS

1.      In answering these Requests, You must rely on all information, however obtained, including hearsay, which is available to You, and all information known by or in the possession of You, Your agents and Your attorneys, or appearing in Your records.  If You cannot answer a Request in full after exercising due diligence to secure the information needed to do so, You must answer to the extent possible, specifying Your inability to answer the remainder, stating whatever information or knowledge You have concerning the unanswered portion, and detailing what You did to attempt to secure the unknown information.

2.      If any Request is objected to on the grounds of the attorney-client privilege or the work product doctrine, the basis for the objection should be stated in detail.

3.      Each Request should be set forth immediately preceding the answer thereto.

4.      These Requests shall be deemed to be continuing and it is requested that You serve supplementary answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

1.      Admit that each or any of the license plate numbers listed below is registered to a vehicle used by ICE and/or DHS:

    a.  EEB 4285 (NY)

    b.  HBE 7895 (NY)

    c.  EUM 1110 (NY)

2

d.   DPR 2842 (NY)

2.      Admit that New York ICE ERO does not routinely process detainees arrested through interior enforcement for removal at Newark Airport or transfer detainees arrested in New York City to Miami to effectuate removal within 72 hours of arrest.

3.      Admit that Ravidath Ragbir was neither arrested nor detained in January 2018 as a result of a violation of his order of supervision.

4.      Admit that ICE monitored and/or tracked Ravidath Ragbir's advocacy and/or public statements to the media.

5.      Admit that Ravidath Ragbir's advocacy and/or public statements played a role in ICE's decision to target them for arrest, detention, and/or removal.

6.      Admit that there has been no new decision regarding Mr. Ragbir's removal since January 11, 2018.

7.      Admit that there has been no new decision-making process established that relate to Mr. Ragbir's removal or immigration status since January 1, 2018.

US 165353930v2
US 165353930v3

Dated:     Washington, DC
              _____, 2019

                    ARNOLD & PORTER KAYE SCHOLER LLP

                    By: _____

Alina Das, Esq. (AD8805)
Jessica Rofé, Esq. (JR5231)
Brittany Castle, Legal Intern
Jeremy Cutting, Legal Intern
WASHINGTON SQUARE
  LEGAL SERVICES, INC.
Immigrant Rights Clinic
New York University School of Law
245 Sullivan Street, 5th floor
New York, New York 10012
Tel: (212) 998-6430
alina.das@nyu.edu
jessica.rofe@nyu.edu

R. Stanton Jones*
John L. Freedman
William C. Perdue*
Daniel F. Jacobson*
Sally Pei*
Stephen K. Wirth*
Andrew T. Tutt*
ARNOLD & PORTER
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
stanton.jones@arnoldporter.com

Anthony D. Boccanfuso
Ada Añon
ARNOLD & PORTER
250 West 55th Street
New York, NY 10019
(212) 836-8000
(303) 836-8689 (fax)
anthony.boccanfuso@arnoldporter.com

Emily Newhouse Dillingham*
ARNOLD & PORTER
70 West Madison Street
Suite 4200
Chicago, IL 60602
(312) 583-2300
(312) 583-2360 (fax)
emily.dillingham@arnoldporter.com
* Pro hac vice application forthcoming

*Attorneys for Plaintiffs*

4