UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAVIDATH LAWRENCE RAGBIR, et al.,

                              Plaintiffs,                    18-cv-1159 (PKC)

              -against-

                                                            ORDER

TAE D. JOHNSON, et al.,

                              Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

              The history of plaintiff's seven-count conviction in federal court, his sentence of

principally 30-months imprisonment, the affirmance of the conviction, the subsequent denial of a

petition for review of his final order of removal and subsequent litigation are largely reviewed in

this Court's Memorandum and Order of May 23, 2018.  Ragbir v. Homan, 18-cv-1159.

              Since that time, the Court's Memorandum and Order was vacated by the Second

Circuit. Ragbir v. Homan, 923 F.3d 53 (2d Cir. 2019).  Thereafter the Supreme Court granted a

petition for a writ of certiorari and remanded the case to the Second Circuit for further

consideration in light of DHS v. Thurasissifiam, 140 S. Ct. 1959 (2020).  While the matter was

pending in the Circuit, the government moved to dismiss the appeal on mootness grounds

arguing that any retaliatory taint infecting the original enforcement decision has since

dissipated.[1]  The Circuit remanded the case to this Court to determine if plaintiff's challenge to

the execution of the order of removal no longer presented a live case or controversy thereby

permitting the government to execute the order of removal.

---

[1] There have been six directors or acting directors of Immigration and Customs Enforcement after the departure of
the incumbent at the time of the institution of litigation.

Four days after the mandate issued, this Court issued an order giving the government 30 days to file its motion.  On the 28th day, September 21, 2021, the government requested until November 8 to file its motion and the parties requested 45 days for the opposing side to respond and the reply brief not due under the parties' proposed briefing schedule until January 13, 2022. [2] Thus, briefing would not be complete until approximately five months after the mandate issued.

The government may move or refrain from moving on any claim in the complaint on any ground provided it does so on the parties' proposed schedule outlined above which the Court adopts.

But the government is free to expedite so much of the case as relates to the asserted mootness of the challenge to the execution of plaintiff's removal order.  The Circuit remanded the matter to this Court not because it considered this Court better equipped to read motion papers but "[b]ecause the issue of mootness may require additional fact-finding. . . ." Ragbir v Johnson, 18-1597 (2d Cir June 29, 2021).  In view of the thoughtful comment of the Second Circuit and the apparent need for an elongated schedule on motion practice, the government shall advise the Court within 14 days whether it consents to a hearing on the challenge to the execution of the removal order and if not why not.[3]

Letter motion (Doc 128) is GRANTED to the extent indicated.  The government shall make the required submission within 14 days.

---

[2] Under the Local Civil Rule 6.1(b) , the default rule is that responses to motions are filed within 14 days and a reply 7 days thereafter.

[3] Of course, if the Court concludes after the extended period of briefing that mootness is an issue of disputed fact, and that further fact-finding is, indeed, required, then a hearing would need to be held. Consenting to the hearing in the first instance eliminates the delay attendant upon the extended period of briefing.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        September 22, 2021